JAMES C. KATHMAN et al. *v.* THE CITY OF NEW ORLEANS.

Any neglect of duty on the part of the assessors, involving a want of ordinary care and diligence in the discharge of their duties, occasioning damage, would give rise to an action on the part of the State or the city against them to repair the loss occasioned by such neglect. Or the damage arising from such neglect may be set up by way of defence against the amount due the assessors.

In assessing property the title papers are not required to be produced to the Assessor when he makes the assessment; and the defendant should be permitted, in order to show omissions by the assessors, to prove, by parol evidence, that certain individuals possessed real estate and had not been assessed.

The law does not require absolute perfection in the assessment, as this in a large city like New Orleans would be impossible. The assessors are only held to use due diligence and care in ascertaining the property subject to taxation, and the names of the persons to whom it is to be assessed.

The sum allowed by law to the assessors from the city is the amount due by the State; and if the Auditor has made an error in his calculation, it cannot prejudice the city.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J. *Collins,* for plaintiffs. *Livingston,* City Attorney, for defendant and appellant.

MERRICK, C. J. This suit is instituted to recover of the defendant the sum of $9116 40, for the copy of the assessment-roll made out by plaintiffs as assessors, and furnished the defendant. Acts Sess. 1854, p. 46.

By the Act referred to it was made the duty of the assessors to furnish a copy of the assessment-roll to the city of New Orleans, and they were to receive annually from the city the same amount of compensation which shall be due them by the State.

The Auditor of State allowed their claim for the sum above mentioned.

The defendant in their answer deny the power of the State to compel them to pay this sum to the assessors, the officers of the State;

That if bound to pay anything, it is only for that part of the assessment-roll on which they are permitted to assess taxes;

That the assessment-rolls are defective; the assessments are incorrect; that a large amount of property is not assessed; that numerous corrections have been made; that the charges of the corrections exceed the sum of $1800; that the expense for advertising, printing, stationery, &c., amounting to a large sum—say $5000—are charges against said assessors; that under the law, if the city is liable—which is expressly denied—the assessors are bound to deliver to it a copy of the assessment-roll, free from all charges and perfect in every respect, for the amount specified in the Act.

The defendant, on the trial of the case, offered to prove by *Ovide DeBuys,* the Controller of the city of New Orleans, that the assessment-rolls were incorrectly and inaccurately made out; that a large amount of real estate was assessed to owners unknown; that the amount so assessed exceeds $1,000,000; that by ordinary diligence the plaintiff could have discovered the owners of said property so assessed.

Defendant offered to prove, further, that the city employed competent persons to correct the assessment-rolls, and has paid and is liable to pay for corrections so made. To the introduction of this evidence plaintiffs objected, on the ground that no such proof can be made by such evidence; that no claim in

reconvention or compensation is set up; that the Controller does not receive the rolls until homologated, and then they are final; that defendant's claim for damages is not equally liquidated. The objections to the testimony were sustained, and the testimony rejected.

Any neglect of duty on the part of the assessors, involving a want of ordinary care and diligence in the discharge of their duties, occasioning damage, would give rise to an action on the part of the State or the city against them to repair the loss occasioned by such neglect. We see no objection, therefore, to the defence set up to the action of the plaintiffs to recover for their services, wherein the defendants allege such want of care and the consequent damage they have sustained, and the necessary expense they have been forced to incur to repair the loss. It may be remarked that the notice given to all persons of the completion of the assessment-roll, and the final delivery of the same to the Controller, could not have the effect of the thing adjudged as to the city, and thereby preclude all examination as to the manner in which they had performed their duties. We see, therefore, no objection to the introduction of the testimony under the answer, especially as it grows out of the acts of the plaintiffs for which they claim—the wages or salary of their employment; and it is therefore closely connected with their demand.

The objection that the city could not show the ownership of real estate as an object of taxation, by parol proof, is, as the question is here presented, untenable. In matters of assessment the title papers are never required to be produced to the assessor when he makes the assessment; and we think the city should have been permitted, in order to prove omissions by the assessors, to show by parol that certain individuals possessed the real estate in question as owners.

While we are of the opinion that the testimony offered by the defendant ought to have been received, it is proper for us to say that the law does not require absolute perfection in the assessment, as this, in a large city like New Orleans, would be impossible. The assessor is only held to use due diligence and care in ascertaining the property subject to taxation, and the names of the persons to whom it is to be assessed.

The assessors are entitled to receive from the city, if they have faithfully and diligently discharged their duties, the same amount as was due by the State; and the city would not be at liberty to confine the allowance to such objects of taxation only as are subject to the city tax. The sum allowed them is the amount due by the State; and if the Auditor has made an error in his calculation, it will not prejudice the city.

As the judgment in this court must be set aside and the case remanded for a new trial, we think it proper to observe that we leave the question open, whether the city is entitled to any compensation for stationery and printing or not; and we express no opinion upon the point—there being no evidence in the record on this subject.

It is therefore ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this cause be remanded to the lower court for a new trial, and to be proceeded in according to law, with instructions to receive the testimony of *Ovide DeBuys* for the purposes specified in the bill of exceptions; and it is further ordered that the plaintiffs and appellees pay the cost of the appeal.